Denise Subramaniam
c/o D. Guite
25219 Village 25
Camarillo, CA 93012
Tel: (503) 764-5300
Plaintiff, Pro Se

FILED 13 OCT '17 10:43 USDC-ORP

---

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

---

|  |  |
|---|---|
| DENISE SUBRAMANIAM,<br>                          PLAINTIFF<br><br>v.<br><br>GABRIELLE D. RICHARDS;<br><br>ERCIK J. HAYNIE;<br><br>PERKINS COIE LLP<br><br>                          DEFENDANTS | CASE NUMBER:<br><br>3:17-cv-1627-YY |
| **FILED CONCURRENTLY WITH:**<br>    EXHIBIT 1: Perjured Dana Lantry Declaration<br>    EXHIBIT 2: Instrument #2006-077542<br>    EXHIBIT 3: Instrument #2006-077543<br>    EXHIBIT 4: Instrument #2006-077544<br>    EXHIBIT 5: Instrument #2008-073971<br>    EXHIBIT 6: Instrument #2008-073972 | CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 42 U.S.C. § 1983<br><br>JURY DEMANDED |

---

Comes now Plaintiff, Denise Subramaniam, self-represented, and for her Complaint against Defendants Gabrielle D. Richards; Ercik J. Haynie; and Perkins Coie LLP she alleges as follows:

### JURISDICTION

1.       This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331(a). Venue is proper in this District under 28 U.S.C. § 1391(b)(1)

PARTIES

2.      Plaintiff Subramaniam is an individual who is a citizen of Oregon, county of Washington.

3.      Defendant Gabrielle D. Richards is an individual who is a citizen of Oregon and an attorney, OSB No. 114992, in the employ of Defendant Perkins Coie LLP.

4.      Defendant Ercik J. Haynie is an individual who is a citizen of Oregon and an attorney, OSB No. 982482, in the employ of Defendant Perkins Coie LLP.  At all times relevant to the facts and claims herein Defendant Haynie was senior counsel and his signature is on all pleadings submitted to the court by Defendant Richards.

5.      Defendant Perkins Coie LLP is a corporate law firm operating in Oregon. At all times relevant to the facts and claims herein Defendant Richards and Defendant Haynie were in the employ of and acting as agents for Defendant Perkins Coie.

REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

6.      This complaint arises from circumstances specific to Plaintiff being a disabled senior citizen unable to afford counsel. As a result she was vulnerable to exploitation and discrimination. Defendants and their co-conspirator Dana Lantry deprived Plaintiff of her constitutional rights to due process of law and equal protection of law by submitting a perjured declaration into Oregon U.S. District Court in Case No: 3:14-cv-01836-MO to deceive the court so Defendant Richards could win summary judgment for her client; and defraud Plaintiff; and deprive her of her property and her civil rights; which they did. The risk that Plaintiff will be deprived of her civil rights again warrants appointment of pro bono counsel for the duration of the case.

CLAIM FOR RELIEF

7.      Plaintiff repeats and re-alleges Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

8.      Plaintiff is the rightful owner of residential property valued at $515,000 located at 13865 SW Walker Road, Beaverton Oregon.  On 11/18/2014 LNV Corporation ("LNV") brought a wrongful foreclosure action against Plaintiff in the U.S. District Court of Oregon. Defendants represented LNV in this action. Plaintiff was the defendant in that case.  Shortly after the case commenced she required spinal surgery and several months of recovery.  The case was stayed. The day the stay ended Defendant Richards filed a motion for summary judgment in behalf of her client when she had previously told Plaintiff her client would allow her time for discovery.

9.      At a hearing on July 8, 2015 the court granted Plaintiff limited discovery. Plaintiff, in the Portland offices of Defendant Perkins Coie LLP viewed and took photographs of the document LNV purports to be the "original" Note.  She observed numerous characteristics indicating it was a forgery. Among those characteristics was an undated endorsement on the back of the last page of the document bearing the signature of Dana Lantry as Vice President of People's Choice Home Loans ("People's"). This was the **only** signature on the document where an indent on the reverse side of the paper could be clearly seen. It appeared to have been recently made and if the document was original as LNV claimed Lantry's signature would be more than a decade old.  Attached to LNV's purported "original" Note was an undated allonge also endorsed by Dana Lanty as Vice President of People's conveying the Note to **Residential Funding Company LLC**. ("RFC-LLC").  Photocopies of these documents were included as exhibits to the perjured declaration of Dana Lantry attached hereto as Exhibit 1. (See pages 9 & 10.)

10.     Attached hereto as Exhibit 2 is an assignment of Deed of Trust, instrument # 2006-077542 recorded with the Washington County Oregon Recorder's office on June 28, 2006.  It too was endorsed

by Dana Lantry but as **Assistant** Vice President of People's. The Note and Deed of Trust ("DOT") was assigned via this instrument to **Homecomings Financial Network Inc.** ("Homecomings") on **12/29/2005**

11.     Recorded assignment # 2006-077542 and the undated allonge cannot both be valid. Defendants Richards and Hainey being educated in law most certainly knew this. One conveys the Note and DOT to **HOMECOMINGS** while the other conveys the Note to **RFC-LLC**. Prima facie facts on the recorded instrument are irrefutable and therefore are more credible than the two undated endorsements on the Note tipping the weight of evidence towards Petitioner's position that the Note was forged. Defendants Richards and Hainey knew that Plaintiff submitted recorded assignment # 2006-077542 into court record but that it was unlikely the court would notice because the Oregon U.S. District Court like most courts discriminate against pro se litigants and give weight only to evidence presented by attorneys.

12.     The discrepancies between the Dana Lantry endorsements on the Note, the allonge and recorded assignment # 2006-077542 are obvious and give rise to material facts that should have defeated LNV's motion for summary judgment; and would have except for Dana Lantry's false perjured declaration obtained through a conspiracy scheme to defraud Plaintiff and the United States.

13.     Recorded instrument # 2006-077542, the Dana Lantry endorsed assignment to Homecomings was willfully **omitted** from Dana Lantry's Declaration (see Exhibit 1) with intent to deceive the court and defraud Plaintiff of her real property and of her civil rights.

14.     On 9/3/2015 Plaintiff received a phone call from Denise Price at the executive offices of JPMorgan Chase ("Chase"). Her mortgage was securitized into the Bear Stearns 2004-HE4 Trust as evidenced by the stamp above Dana Lantry's signature on the Note. Plaintiff inquired with Chase as successor to Bear Stearns about the canceled stamp on the "Pay to the Order Of" line above Defendant's

signature. Ms. Price called in response to Plaintiff's written inquiry and told her that Chase could not answer that question because the entire endorsement is NOT in their archived records.

15.     If Lantry's endorsement is not on the copy of the Note in Chase's archives it had to be put on the Note AFTER the DOT and Note were conveyed to Homecomings on 12/29/2005 as per instrument # 2006-077542 giving weight to Plaintiff's contention that LNV's Note is a forgery.

16.     Ms. Price's phone call gave Plaintiff courage to phone Dana Lantry. Because it appeared Lantry's signature on the Note was recently made Plaintiff couldn't exclude the possibility that she participated in LNV's forgery by signing her name years after her employment with People's ended.  Not being an attorney and not knowing whether Ms. Lantry would be honest Plaintiff decided to build rapport by starting her conversation with generic questions about Lantry's experiences with One Stop Mortgage, Neil Kornswiet, Aames and Peoples. After gaining rapport Plaintiff asked Lantry if she recalled endorsing a Note with a canceled stamp; Ms. Lantry answered "No".  Ms. Lantry told Plaintiff she was not an executive officer with People's so would not have endorsed Notes, allonges or assignments. She also said People's was a member of MERS and MERS would have handled that.  (This is an interesting fact because Plaintiff's mortgage was recorded in MERS as evidenced by a MERS screen capture but there were never any recorded assignments to or from MERS.)  Plaintiff taped the phone conversation. Ms. Lantry asked if she were being taped. When told "yes" she continued the conversation.

17.     Had Plaintiff been represented by counsel it is beyond doubt her counsel would have obtained an affidavit from Dana Lantry specific to what she told Plaintiff in their 9/3/2015 phone conversation; and such counsel would have included all three documents bearing Lantry's signature as exhibits viewed by Lantry.  As a pro se litigant Plaintiff was severely disadvantaged in obtaining this evidence.  Defendants knew this and exploited Plaintiff's naiveté as a pro se litigant.

18.     Defendant Richards conspired with Dana Lantry to produce a false in all respects perjured declaration that specifically omitted what she knew was irrefutable evidence showing her client lacked Article III standing to foreclose on Plaintiff's property: i.e. recorded instrument # 2006-077542.

19.     Defendant Richards moved to strike the audio recording of Plaintiff's phone conversation with Lantry because she knew it refuted Lantry's perjured declaratory testimony.  This denied Plaintiff her right to cross-examine witnesses; to be heard; and to present valid defenses. In short it deprived her of her constitutional right to due process of law and equal protection of law under the Fifth and Fourteenth Amendment; and her right to a jury trial under the Seventh Amendment to the United States Constitution.

20.     Except for the false perjured declaration prepared by Defendant Richards and submitted to the court with intent to deceive Plaintiff would not have lost her property or been deprived of her civil rights.  Defendant filed the perjured declaration on **10/7/2015**. The court relied upon the misrepresentations in it and granted LNV summary judgment order on **10/16/2015** causing Plaintiff to lose her home of 20 years valued at $515,000 as well as personal property valued at $35,000 to LNV

21.     At all times Defendant Richards was supervised by Defendant Haynie; and at all times both attorneys acted as agents for Defendant Perkins Coie.

22.     Defendants knew Plaintiff questioned the authenticity of each endorsement on the note, the allonges **AND** the recorded instruments. Defendants also knew or should have known that pursuant to Uniform Commercial Code Articles 3 and 9 and *In re Veal*, 450 BR 897, 911 (B.A.P. 9th Cir. 2011) Defendants' client is required to authenticate each endorsement in the conveyance chain once the endorsements are questioned. Plaintiff questioned the authenticity of these endorsements.  Defendants knew she questioned the authenticity of all these endorsements.  The endorsements on Defendants' client's purported "original" Note when compared to the endorsements on the following recorded instruments show Article III standing to foreclose on Plaintiff's property is lacking:

    A.  Instrument #2006-077542, recorded 6/28/2006, executed 12/29/2005 (See <u>Exhibit 2</u>);

    B.  Instrument #2006-077543, recorded 6/28/2006, executed 3/18/2006 (See <u>Exhibit 3</u>);

    C.  Instrument #2006-077544, recorded 6/28/2006, executed **6/27/2006** (See <u>Exhibit 4</u>);

    D.  Instrument #2008- 073971, recorded 8/27/2008, executed **4/3/2006** (See <u>Exhibit 5</u>);

    E.  Instrument #2008- 073972, recorded 8/27/2008, executed 3/10/2006 (See <u>Exhibit 6</u>).

23.    Three of the above instruments were recorded on **6/28/2006**: 1) Instrument #2006-077542, the Dana Lantry endorsed assignment from Peoples to **HOMECOMINGS.** 2) Instrument #2006-077543, a substitution of trustee executed on **3/18/2006** that names **HOMECOMINGS** beneficiary of the DOT. 3) Instrument #2006-077544, a notice of default in behalf of beneficiary **HOMECOMINGS** executed on **6/27/2006**. A trustee sale was scheduled for **11/3/2006** in behalf of **HOMECOMINGS**. This indisputable recorded evidence with numerous letters and other documents in Plaintiff's possession show **Homecomings was the beneficiary until at least January 2007.**

24.    Two of the above referenced instruments were recorded on **8/27/2008** by MGC Mortgage Inc., owned by D. Andrew Beal, who also owns LNV: 1) Instrument #2008- 073971, an assignment that purports to convey the Note and DOT from **HOMECOMINGS** to **RFC-LLC** on **4/3/2006**. 2) Instrument #2008- 073972 an assignment that purports to convey the same from **RFC-LLC** to **LNV** on 3/10/2008 **before** LNV was incorporated in Nevada and Texas.

25.    Instrument #2008- 073971 cannot be valid because **HOMECOMINGS** was the beneficiary of the Note and DOT on **6/27/2006** as per irrefutable prima facie facts on the three earlier instruments: #2006-077542, #2006-077543 and #2006-077544.

26.    THEREFORE both instruments recorded by MGC in 2008 are false and void. This is only a small portion of the convincing evidence Plaintiff submitted to the court to refute LNV's standing to foreclose. Defendants knew of the existence of this evidence in court record and obstructed justice;

exploited Plaintiff's disadvantage position as a pro se litigant and exploited the court's bias against pro se litigants to willfully distract the court's attention away from such irrefutable evidence and willfully misrepresent the facts to perpetrate their client's fraud scheme and profit from their client's illegal activities at Plaintiff's expense.

PRAYER FOR RELIEF

27.    Pursuant to 42 U.S.C. § 1983 Plaintiff is entitled to redress for the deprivation of her rights, privileges, and immunities secured by the Constitution and laws of the United States, and Defendants shall be liable to her as the party injured by Defendants' conspiracy to so deprive her of those rights, privileges, and immunities which resulted in Plaintiff's injuries.

28.    WHEREAS Plaintiff has suffered loss of property valued at $550,000 and other extraordinary injuries and severe emotional distress, she prays this Honorable Court order Defendants to reimburse her for these losses; and grant her all other relief deemed fair and just.

Denise Subramaniam
Pro se
Dated: October 10, 2017