UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DENISE SUBRAMANIAM,<br><br>              Plaintiff,<br><br>   v.<br><br>MICHAEL W. MOSMAN, MARCO A. HERNADEZ, GABRIELLE D. RICHARDS, ERCIK J. HAYNIE, JEFFERY M. PETERSON, PERKINS COIE, LLP,<br><br>             Defendants. | CASE NO. 3:17-cv-01627-RJB<br><br>ORDER REVOKING *IN FORMA PAUPERIS* STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM |

THIS MATTER comes before the Court on review of decision to grant Plaintiff Denise Subramaniam's application to proceed *in forma pauperis* ("IFP") (Dkt. 1) in light of the Pre-Filing Review Order issued on November 4, 2015 in case 3:15-cv-2002 MO, upon review of the Proposed Complaint (Dkt. 2), review of the First Amended Complaint (Dkt. 9), and other public records, and on Plaintiff's motion for appointment of counsel (Dkt. 9). The Court is fully advised, and for the reasons discussed, Ms. Subramaniam's IFP status should be revoked as improvidently granted because the Proposed Complaint and First Amended Complaint fail to

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 1

state a claim upon which relief can be granted, are frivolous and repetitive. Further, Plaintiff's motion for appointment of counsel (Dkt. 9) should be denied.

I. **FACTS FROM THE PROPOSED COMPLAINT, FIRST AMENDED COMPLAINT, OTHER PUBLIC RECORDS**

The Court has carefully reviewed the Proposed Complaint and First Amended Complaint, and is familiar with the public records in related cases. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Filed on October 13, 2017, the Proposed Civil Rights Complaint in this case asserts 42 U.S.C. § 1983 claims against two attorneys and a law firm who brought a judicial foreclosure case, *LNV Corp. v. Subramaniam*, U.S. District Court for the District of Oregon case number 3:14-cv-01836, against Ms. Subramaniam. Dkt. 2. Ms. Subramaniam asserts that the lawyers, law firm and "co-conspirator Dana Lantry deprived [her] of her constitutional rights to due process of law and equal protection of law by submitting a perjured declaration," in the judicial foreclosure case. Dkt. 2, at 2. Ms. Subramaniam asserts that she is the rightful owner of Washington County property, commonly known as 13865 SW Walker Road, Beaverton, Oregon, which was the subject of the foreclosure case. *Id.*, at 3.

The judicial foreclosure case was filed in November of 2014. *LNV Corp. v. Subramaniam*, U.S. District Court for the District of Oregon case number 3:14-cv-01836, Dkt. 1. On October 16, 2015, summary judgment was granted in the lender, LNV Corporation's, favor and a judgment was entered against Ms. Subramaniam on November 4, 2015. *LNV Corp. v. Subramaniam*, U.S. District Court for the District of Oregon case number 3:14-cv-01836, Dkts. 111 and 116. Ms. Subramaniam appealed the summary judgment decision and judgment to the Ninth Circuit Court of Appeals. *LNV Corp. v. Subramaniam,* U.S. District Court for the District

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 2

of Oregon case number 3:14-cv-01836, Dkt. 119. That case has now been reassigned to the undersigned.

On October 6, 2017, the Ninth Circuit Court of Appeals issued a Memorandum Opinion, affirming the district court's summary judgment decision and judgment against Ms. Subramaniam. *LNV Corporation v. Subramaniam*, Ninth Circuit Court of Appeals case number 15-35963, Dkt. 78. The mandate has not yet issued.

On October 13, 2017, Ms. Subramaniam filed this case against the lawyers and law firm that represented the lender and a case against U.S. District Judge Michael Mosman, the judge who presided over the judicial foreclosure case. Dkt. 1 and *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626. In the case against Judge Mosman, the proposed complaint centered on the allegation that the judge issued a summary judgment ruling in the foreclosure case "in direct violation of the Constitution and the laws of the United States [t]hat is void." *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626, Dkt. 2 at 8. Ms. Subramaniam sought damages under 28 U.S.C. § 1983 for the constitutional harms and resulting emotional distress. *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626, Dkt. 2 at 8. The proposed complaint alleged a claim against Defendant Mosman, who Ms. Subramiam asserted was "a federal judge but [was] not being sued in his capacity but as a private citizen," because he "act[ed] outside the role of a judge." *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626, Dkt. 2, at 2. According to the proposed complaint, "[h]is decision went against the preponderance of evidence . . . Hence [*sic*] he acted as a private citizen . . . and is not shielded from personal liability by judicial immunity." *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 3

01626, Dkt. 2 at 2.  The proposed complaint against Judge Mosman maintained that the record in the underlying foreclosure case showed "obvious" material facts "that should have defeated LMV's motion for summary judgment [but for] Defendant Mosman's failure to perform his fiduciary duty . . . and but for his bias." *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626, Dkt. 2, at 4.  On October 24, 2017, Ms. Subramaniam's application for IFP was denied in the case against Judge Mosman because the proposed amended complaint failed to state a claim upon which relief could be granted - Judge Mosman was entitled to absolute judicial immunity.  *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626, Dkt. 7.  The case was closed. *Subramaniam v. Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626, Dkt. 7.

That same day, on October 24, 2017, U.S. Magistrate Judge Youlee Yim You, who was originally assigned to this case, issued an order which provided:

> The complaint in this case (# 2 ) was inadvertently filed without review for compliance with the Pre-Filing Review Order issued on 11/4/2015 in case 3:15-cv-2002 MO, *Subramaniam v. Beal*, et al.. The complaint is referred to Judge Marco A. Hernandez to review for compliance with the Pre-Filing Review Order, and this case is **STAYED** pending the outcome of that review.

Dkt. 8.  The case was stayed at this point; however, the Court will continue to discuss later pleadings filed by Ms. Subramaniam, to ensure all issues are fully and fairly considered.

The next day, on October 25, 2017, Ms. Subramaniam filed a pleading entitled "First Amended Complaint" in this case, adding Judge Mosman and U.S. District Court Judge Marco A. Hernandez, both of whom Ms. Subramaniam asserts are "not being sued in [their] capacity as a judge but as a private citizen."  Dkt. 9, at 2.  Ms. Subramaniam claims that she and Robynne Fauley are "members of a class;" and "represent members of that class but because they are pro

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 4

se litigants they are treated differently than litigants represented by counsel." *Id.*, at 3. Ms. Subramaniam maintains that Judges Mosman and Hernandez "deprived [her] of her constitutional rights to due process of law and equal protection of law by acting in opposition to their constitutionally mandated oaths of office specific to their summary decisions." *Id*. She asserts that the "summary decisions were not based on the Constitution and laws of the United States but on their personal biases against Ms. Subramaniam and Ms. Fauley as members of a class of homeowners defending their property rights against the false claims of wealthy politically powerful corporate litigants." *Id.* Ms. Subramaniam maintains that the summary decisions are "null and void." *Id.* She again asserts that the lawyers in the judicial foreclosure case, Defendants Richards, Haynie, and now additional lawyer Jeffery Peterson, all "conspired with each other and Dana Lantry to manufacture a false perjured declaration." *Id.,* at 9. Ms. Subramaniam makes a claim for damages under §1983 "for the deprivation of her constitutional rights, privileges, and immunities secured by the Constitution and laws of the United States." *Id.*, at 11. She asserts that all Defendants conspired together. *Id.* Ms. Subramaniam also requests appointment of counsel. Dkt. 9, at 3.

The undersigned was assigned to this case on October 26, 2017. Dkt. 11.

## II.   DISCUSSION

### A. PRE-FILING REVIEW ORDER FOR FRIVOLOUS FILINGS AND *SUA SPONTE* DISMISSAL STANDARD

On November, 4, 2015, a Pre-filing Review Order was filed against Ms. Subramaniam, which provided:

> IT IS HEREBY ORDERED THAT,
> All filings by Denise Subramaniam, individually, or alleged in connection with any other party, SHALL BE REVIEWED BY THIS COURT AND ORDERED FILED ONLY IF SUCH FILIGS ARE DEEMED NOT FRIVOLOUS OR

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 5

REPETITIVE.  This Pre-filing Review Order shall remain in effect until the Court otherwise directs.

*Subramaniam v. Beal*, U.S. District Court for the District of Oregon case number 3:15-cv-02002, Dkt. 8.  In addition to this order, the standard on *sua sponte* dismissal of a case is relevant here.

A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

1. <u>Claims Against the Lawyers and Law Firm in both the Proposed Complaint and First Amended Complaint</u>

Under 42 U.S.C. § 1983, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 6

1  avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v.*
2  *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).
3  　　　　Ms. Subramaniam's claims against the private lawyers, Richards, Haynie and Peterson
4  and the law firm Perkins Coie LLP should be dismissed.  A private lawyer representing a client
5  in the lawyer's traditional adversarial role is not considered a state actor for purposes of § 1983.
6  *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *See*
7  *Generally, Miranda v. Clark Cnty., Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).  Further, Ms.
8  Subramaniam's conclusory allegations that the lawyers or the law firm were conspiring with
9  state officers to deprive her of her constitutional rights are insufficient.  *Id.*  The lawyers and law
10 firm are not state actors, and no constitutional claims may be sustained against them. Plaintiff's
11 claims have no arguable basis in law or fact.  Any claim Plaintiff makes in this case, based upon
12 a federal constitutional violation, is frivolous, and fails to state a claim.
13 　　　　Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is
14 entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal
15 of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).  No amendment
16 would cure this core deficiency in either the Proposed Complaint or First Amended Complaint.
17 　　　　2.   Claims Against the Judges
18 　　　　"Anglo–American common law has long recognized judicial immunity, a sweeping form
19 of immunity for acts performed by judges that relate to the judicial process." *In re Castillo,* 297
20 F.3d 940, 947 (9th Cir. 2002)(*internal quotations omitted*). The immunity "applies however
21 erroneous the act may have been, however injurious in its consequences," and it extends to
22 claims both for damages and for equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.
23 1996) (internal citations and quotations omitted). There are two exceptions to judicial immunity:
24

1  (1) where rulings are issued with "a clear absence of jurisdiction," and (2) for non-judicial acts,
2  e.g., conduct unrelated to being a judge. *Id*.

3      As stated in the order dismissing the case against Judge Mosman, *Subramaniam v.
4  Mosman*, U.S. District Court for the District of Oregon case number 3:17-cv-01626, Dkt. 7, and
5  as applied here, the claims against the judges in the First Amended Complaint should be
6  dismissed, because the alleged acts by Defendants Mosman and Hernandez (issuing a rulings on
7  motions for summary judgment) are the kind of acts that judicial immunity shields. The
8  allegations fall squarely under the purview of judicial immunity. The First Amended Complaint
9  attempts to circumvent immunity by alleging that Defendants "acted as private citizen[s]"
10 because their rulings were "contrary to the Constitution and law of the United States." However,
11 all of Defendants Mosman and Hernandez's acts complained of here relate to their roles as
12 judges issuing rulings. No exception applies. Plaintiff's claims have no arguable basis in law or
13 fact. The claims against the judges in the First Amended Complaint should be dismissed for
14 failure to state a claim upon which relief can be granted, are frivolous, and as to Judge Mosman,
15 are repetitive. Fed. R. Civ. P. 12 (b)(6).

16     Moreover, any attempt by Plaintiff to amend the First Amended Complaint to state claims
17 against the judges would be futile. Plaintiff should not be given leave to amend.

18     **B. APPLICATION TO PROCEED IFP**

19     The district court may permit indigent litigants to proceed *in forma pauperis* upon
20 completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has
21 broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314
22 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A district court may deny leave to
23 proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that
24

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 8

the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

Applied here, because the Court has concluded that the Proposed Complaint and First Amended Complaint are frivolous, repetitive, and without merit, Plaintiff's IFP status should be revoked as improvidently granted. The Court should deny Plaintiff's application to proceed *in forma pauperis*. The Court does not reach the merits of the IFP application.

### C. MOTION FOR APPOINTMENT OF COUNSEL

Normally, if a plaintiff has been granted *in forma pauperis* status, the court may appoint counsel to represent him or her in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Ms. Subramaniam's motion for appointment of counsel (Dkt. 9) should be denied. Plaintiff was not granted IFP. Moreover, there is no showing of exceptional circumstances. She has not shown a likelihood of success on the merits. Ms. Subramaniam is able to articulate the claims *pro se* in light of the complexity of the legal issues involved. Appointment of counsel is not warranted here.

### D. IFP ON APPEAL

In the event that Plaintiff appeals this order, and/or appeals dismissal of this case, *in forma pauperis* status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

### E. FUTHER FILINGS IN THIS CASE

Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the Court.

### III.   ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's *in forma pauperis* status (Dkt. 1) **IS REVOKED AS IMPROVIDENTLY GRANTED**;

- This case **IS DISMISSED** because the Proposed Complaint and First Amended Complaint fail to state a claim upon which relief can be granted, are frivolous, and repetitive. Giving Plaintiff leave to amend would be futile;

- Plaintiff's Motion for Appointment of Counsel (Dkt. 9) **IS DENIED**;

- In the event that Plaintiff files an appeal in this case, IFP status is **DENIED** by this Court, without prejudice for Plaintiff to file an application to proceed *in forma pauperis* with the Ninth Circuit U.S. Court of Appeals; and

- Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but **NOT ACTED** upon by the Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of October, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER REVOKING IN FORMA PAUPERIS STATUS AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM - 10